# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH A. HARRIS, CDCR #F-43294,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN DIEGO, SAN DIEGO DISTRICT ATTORNEY OFFICE; KRISTEN D. SPIELER; JACQUELINE TOMKINS; JACQUELINE PAULSON; TARA ROBEY; MONIQUE McLAREN; GUY KRUGER; SAN DIEGO UNION TRIBUNE; SAN DIEGO SUPERIOR COURT; DOES 1-20,<br><br>　　　　　　　　　　　　Defendants. | Civil No.  07-1406 BTM (AJB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in August 2007. In his original Complaint, Plaintiff alleged he was wrongfully convicted and serving a life sentence in violation of the Eighth and Fourteenth Amendments. (Compl. at 3.) Plaintiff sought both injunctive relief and damages. (*Id.* at 10.)

///

# I.

## Procedural History

On November 20, 2007, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP"), but sua sponte dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Nov. 20, 2007 Order [Doc. No. 3]. Specifically, the Court found Plaintiff failed to state a claim upon which § 1983 relief could be granted because: 1) his claims for damages appeared barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); 2) he failed to show state action on the part of the private parties named as defendants (all witnesses for the prosecution in the state criminal trial proceedings); and 3) the Deputy District Attorney, San Diego Superior Court Judge and all witnesses who testified against him were entitled to absolute immunity. *See* Nov. 20, 2007 Order at 4-7. In addition, because the Court dismissed all federal claims, it declined to exercise supplemental jurisdiction over Plaintiff's state law slander and defamation claims for "false" reporting by the San Diego Union Tribune pursuant to 28 U.S.C. § 1367(c)(3). *Id.* at 7.

Because Plaintiff is a prisoner proceeding without counsel, and because it was not clear that Plaintiff could not amend his Complaint to cure these deficiencies of pleading, the Court granted him an opportunity to fix them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

After being granted an extension of time in which to amend [Doc. No. 7], Plaintiff submitted a First Amended Complaint ("FAC") [Doc. No. 9], to which the Court now turns.

# II.

## Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As previously discussed in its November 20, 2007 Order, because Plaintiff is proceeding IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must sua sponte review his pleading before service, and dismiss the entire action, or any part of his Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

1 immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez*, 203 F.3d at 1126-27 (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez,* 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**A.    Allegations in Plaintiff's First Amended Complaint**

In his Amended Complaint, just as in the original, Plaintiff claims he is a former "Olympic hopeful" who was unlawfully convicted in San Diego Superior Court Case No. SCD197551. (FAC at 2, 17.) Documents included in Plaintiff's Amended Complaint,

1  comprising what appear to be portions of a defense motion for new trial and a brief on appeal,
2  indicate he was convicted sometime in 2006 of torture, mayhem, assault with intent to commit
3  a felony and assault by means likely to cause great bodily injury.  (FAC at 2, 7, 17.)  While
4  Plaintiff admits that "his criminal case has not yet been overturned or vacated in the appeals
5  court," (FAC at 18), he continues to seek $450 million in damages based on "grave unfairness"
6  and "clear misconduct" by the judge, prosecutor and witnesses who "lied to the government
7  about Plaintiff's conduct."  (*Id.* at 14-15.)  Plaintiff also repeats his claims of defamation against
8  the San Diego Union Tribune, which he claims slandered him by printing "false facts" based on
9  "false accusations ... thus, ruining his reputation as an Olympic hopeful." (*Id.* at 17.)

10  For the following reasons, however, the Court finds Plaintiff's Amended Complaint fails
11  to cure the deficiencies of pleading identified in the Court's November 20, 2007 Order.
12  Therefore, Plaintiff's Amended Complaint still both fails to state a claim upon which § 1983
13  relief can be granted and seeks damages from defendants who are immune.  *See* 28 U.S.C. §§
14  1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

15  **B.     Applicable Law**

16  First, to the extent Plaintiff continues to seek damages under 42 U.S.C. § 1983 based on
17  claims of "prosecutorial misconduct" and an unfair trial based on perjured testimony, (*see* FAC
18  at 1, 14-15, 17-18), his allegations still amount to an attack on the constitutional validity of an
19  underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C.
20  § 1983 unless and until he can show that conviction has already been invalidated.  *Heck*, 512
21  U.S. at 486-87 (1994); *see also Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003)
22  ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies
23  has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

24  "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to
25  remedy the alleged wrong."  *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en
26  banc).  A prisoner in state custody simply may not use a § 1983 civil rights action to challenge
27  the "fact or duration of his confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The
28  prisoner must seek federal habeas corpus relief instead.  *Wilkinson v. Dotson*, 544 U.S. 74, 78

(2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's prosecutorial misconduct and false testimony claims "necessarily imply the invalidity" of his criminal trial and continuing incarceration. *Heck*, 512 U.S. at 487. In other words, if Plaintiff could show that a deputy district attorney and judge colluded with a witnesses to testify falsely as to his guilt, this would "necessarily imply the invalidity" of his conviction. *Id.* In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Amended Complaint alleges no facts sufficient to satisfy *Heck*. In fact, Plaintiff admits "his criminal case has not yet been overturned or vacated" on direct appeal or otherwise. (FAC at 18.) In addition, the Court takes judicial notice of Plaintiff's appeal filed on October 2, 2006, which challenges the validity of his conviction in San Diego Superior Court Case No. SCD197551. Plaintiff's direct appeal is now fully briefed, set for oral argument before the California Court of Appeal on March 10, 2008, and awaits disposition.[1]  *See People v.*

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007)(quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*,

1 *Harris*, Cal. Ct. App. 4th Dist., Div. One Case No. D049578 (docket available at
2 http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=466253&do
3 c_no=D049578 (last visited March 3, 2008).

4 Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings
5 in a San Diego Superior Court criminal case, and because he has not, and apparently *cannot*
6 currently show his conviction has been invalidated, either by way of direct appeal, state habeas
7 or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot yet be maintained, *see*
8 *Heck*, 512 U.S. at 489-90, and this action must be dismissed without prejudice. *See Trimble v.*
9 *City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has
10 not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert
11 his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence);
12 *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

13 Second, even if Plaintiff *could* show that the criminal conviction upon which his claims
14 are based has already been terminated in his favor, his Amended Complaint would still be
15 subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b) to the extent it
16 appears to seek monetary damages against both the judge who presided over his trial and the
17 deputy district attorney who prosecuted his case. (*See* FAC at 1, 2.) Judges are absolutely
18 immune for acts that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225
19 (1988); *see also Imbler v. Pachtman* , 424 U.S. 409, 423 n.20 (1976). This absolute immunity
20 insulates judges from charges of erroneous acts or irregular action, even when it is alleged that
21 such action was driven by malicious or corrupt motives, *Forrester*, 484 U.S. at 227-28, or when
22 the exercise of judicial authority is "flawed by the commission of grave procedural errors."
23 *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Criminal prosecutors are likewise entitled to
24 absolute immunity from civil damages suits premised upon acts committed within the scope of
25 their official duties which are "intimately associated with the judicial phase of the criminal
26 process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509
27 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune
28 _____
971 F.2d 244, 248 (9th Cir. 1992)).

even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Thus, Plaintiff's claims against Judge Kennedy and Deputy District Attorney Spieler must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for seeking monetary relief against defendants who are immune from such relief. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

Third, Plaintiff may not sue any private party or witness who testified for the prosecution during his trial under 42 U.S.C § 1983. While Plaintiff claims Defendants Tompkins, Poulson, Robey, McLaren and Kruger all "lied under oath" and "made defamatory statements in trying to b[o]lster the prosecution's case," (FAC at 1-2, 17), "[w]itnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)). "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing *Franklin v. Terr*, 201 F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1986).

Fourth, to the extent Plaintiff seeks to sue the State of California, his suit is barred by the Eleventh Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). To the extent he seeks damages against the San Diego Superior Court, Plaintiff's claims are similarly barred. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, while Plaintiff's Amended Complaint does not specifically include in its caption the County of San Diego or the San Diego District Attorney's Office as defendants, the Court makes clear that any implied claim against either of these entities fails. *See Orin v. Barclay*, 272 F.3d 1207, 1216 (9th Cir. 2001) (a plaintiff properly alleges a § 1983 action against a local government entity only if "the action that is alleged to be unconstitutional implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978)). Plaintiff's Amended Complaint makes no such allegations.

Thus, for all these reasons, the Court finds that Plaintiff's Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. And because the Court has again dismissed all Plaintiff's federal claims alleged in his Amended Complaint, it expressly declines to exercise supplemental jurisdiction over his state law claims for slander or defamation against the San Diego Union Tribune. 28 U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995).

## III.

## Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED:  March 3, 2008

Barry Ted Moskowitz
Honorable Barry Ted Moskowitz
United States District Judge